**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ALFRED L. STONE, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )   1:08-cv-94-SEB-JMS |
| | ) |
| ELIZABETH STENZ, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion to Dismiss**

The players to this oft-rehearsed drama are Alfred Stone ("Stone"), our plaintiff, and the Stenz Construction Company and its principals (collectively "Stenz"), our defendants. Additionally, the State of Indiana has intervened in order to defend the constitutionality of its statutes. Stone alleges that Stenz committed business torts against him in conjunction with bids and work for a public library project in Marion County, Indiana. The matter has progressed to the filing of an amended complaint (dkt 20) and to Stenz's motion to dismiss. Stone has filed both a conventional response to Stenz's motion to dismiss and a separate motion to deny Stenz's motion to dismiss (dkt 30).

The narrow question presented by Stenz's motion to dismiss is whether Stone lacks standing to assert his claims in this case.

The answer to the question posed above is "Yes, Stone lacks standing to assert the claims in this case." The consequence of this answer is that the action must be dismissed. This disposition extends to both Stone's claims against Stenz and his challenge to the constitutionality of the Indiana statute. These conclusions rest on the following facts and circumstances.

! *First,* the motion to dismiss is based on Rule 12( b)(1) of the *Federal Rules of Civil Procedure* and on the pleadings and filings of which the court may take judicial notice. *In re Salem,* 465 F.3d 767, 771 (7th Cir. 2006) (citing cases); *United States v. Wilson,* 631 F.2d 118, 119-20 (9th Cir. 1980)(a court may take judicial notice of its own records).

! *Second,* "those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983) (citations omitted). As part of this requirement, a party must demonstrate standing to sue in federal court. *Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 756 (7th Cir. 2008).

! *Third,* when Stone filed his Bankruptcy petition, all of his "legal and equitable interests . . . in property" as of the filing of the bankruptcy case became the property of the bankruptcy estate. 11 U. S. C. § 541( a)( 1); *Mele v. First Colony Life Ins. Co.,* 127 B. R. 82, 84 & n.9 (D.D.C. 1991). Claims that arise before a debtor files bankruptcy follow the estate. *See In re Witko,* 374 F.3d 1040,1042 (11th Cir. 2004); *In re Polis,* 217 F.3d 899, 901-02 (7th Cir. 2000). The bankruptcy trustee, as representative of the estate, has the exclusive power to prosecute or defend them. See 11 U.S .C. § 323(b); *Biesek v. Soo Line R.R. Co.,* 440 F.3d 410, 413 (7th Cir. 2006); *Cable v. Ivy Tech State Coll.,* 200 F.3d 467, 472 (7th Cir. 1999); *In re New Era, Inc.,* 135 F.3d 1206,1209 (7th Cir. 1998).

! *Fourth,* the Bankruptcy Code defines the term "claim" as meaning the following:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

! *Fifth,* the claims Stone asserts in this case are pre-petition in the sense that they were in existence prior to the filing of Stone's Chapter 7 Bankruptcy petition in this District on July 6, 2005, and in the sense that the claims are encompassed within the term "claim" as defined in § 101(5). Stone's argument that his claims in this case were not encompassed by § 101(5) because there was no contract between himself and Stenz at the time he filed his Bankruptcy petition is not persuasive, because a claim under § 101(5) encompasses the claims asserted in this lawsuit, and hence were certainly claims Stone was required to disclose in his Bankruptcy petition. *Matter of Yonikus,* 974 F.2d 901, 904 (7th Cir. 1992)("Debtors have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or are unavailable to the bankruptcy estate."). Stone's assertion that Stenz's contention that only the Trustee has standing to bring the case at bar "is predicated upon a contract that was terminated" is a gross mischaracterization of Stenz's argument.  When Stone filed his Bankruptcy petition, all of his "legal and equitable interests  . . . in property" as of the filing of the bankruptcy case became the property of the bankruptcy estate. 11 U. S. C. § 541(a)( 1); *Mele v. First Colony Life Ins. Co.,* 127 B. R. 82, 84 & n.9 (D.D.C. 1991). This included the claims or causes of action asserted against Stenz in this case.

Stone therefore lacked and lacks standing to assert claims against Stenz in this case. Because Stone lacks standing, and because the Bankruptcy Trustee has not intervened, Stenz's motion to dismiss for lack of jurisdiction must be **granted.** Stone's opposing motion to deny Stenz's motion to dismiss (dkt 30) is **denied.** With Stone's claims being dismissed, moreover, the challenge to Indiana Administrative Code 1-2-1 and various statutes, including IND. CODE §§ 25-28.5-1-2(4), 25-28.5-1-2(6), 25-28.5-1-11, and 25-28.5-1-32(7), vanishes.

When a court lacks jurisdiction over an action it has no choice but to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)). Judgment consistent with this Entry shall now issue.

   **IT IS SO ORDERED.**


Date: 05/21/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana